Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: ljs@skrlawyers.com
Christopher D. Kircher, Esq., Bar No. 11176
Email: cdk@skrlawyers.com
Jarrod L. Rickard, Esq., Bar No. 10203
Email: jlr@skrlawyers.com
Katie L. Cannata, Esq., Bar No. 14848
Email: klc@skrlawyers.com
SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Ste. 150
Las Vegas, Nevada 89145
Telephone:  (702) 835-6803
Facsimile:  (702) 920-8669

*Attorneys for Plaintiff MGM Grand Hotel, LLC
d/b/a MGM Grand*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MGM GRAND HOTEL, LLC d/b/a MGM GRAND;<br><br>                    Plaintiff,<br><br>v.<br><br>KEVIN CHANG SHENG LONG,<br><br>                    Defendant. | Case No.   2:21-cv-001476-APG-NJK<br><br>**PLAINTIFF MGM GRAND HOTEL, LLC d/b/a MGM GRAND'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT KEVIN CHANG SHENG LONG** |

## I.    INTRODUCTION

Plaintiff Kevin Chang Sheng Long's ("Long") Opposition to Plaintiff MGM Grand Hotel, LLC d/b/a MGM Grand's ("MGM") Motion for Summary Judgment attempts, but fails, to manufacture issues of fact regarding the enforceability of his debt to MGM.  In doing so, the Opposition solely relies upon Long's unsubstantiated and self-serving declaration, which is clearly insufficient to prevent summary judgment from being entered in MGM's favor.

First, the Opposition erroneously asserts that there is a genuine issue of material fact regarding the amount of Long's debt to MGM.  However, the evidence produced in this matter

1

confirms otherwise.  Attached to MGM's Motion are the two credit instruments at issue, which encompass Long's unpaid balance of $6,795,725.00.  (*See* Ex. 3 to Mot.)  As set forth in detail below, the outstanding debt owed by Long is confirmed by simply subtracting Long's payments in the amount of $1,864,675.00 from the principal amount owed on the five credit instruments he executed, which totaled $8,660,400.00.  Given that Long's prior payments satisfied three of the five credit instruments he executed, the only remaining credit instruments at issue are those that were returned dishonored and unpaid.[1]  (*See id.*)

Next, Long seeks to avoid his repayment obligations to MGM by raising a purported intoxication defense.  Specifically, Long asserts that the two (2) credit instruments at issue are unenforceable by virtue of his alleged state of intoxication.  However, Long's declaration does *not* state that he was intoxicated to the point of lacking capacity to contract when he requested or executed the credit instruments at issue.  Moreover, the only evidence Long has presented in support of this purported defense is his own self-serving, unsubstantiated declaration – which is insufficient to create a genuine issue of material fact.

Finally, Long has waived any purported intoxication and/or incapacity to contract defense by (1) ratifying the two credit instruments at issue, and (2) failing to disaffirm them within a reasonable time.  Indeed, Long voluntarily made payments to MGM toward the principal amount of his debt – and the greater portion of those payments was applied toward the unpaid balance of the two credit instruments at issue.  Furthermore, despite having executed the two credit instruments nearly four years ago, Long did not dispute their enforceability with MGM until filing his Opposition.

For these reasons, and those discussed below, the Court should enter summary judgment in MGM's favor as a matter of law on its claims for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Conversion, and NRS § 41.620 Liability.

///

///

---

[1] As set forth herein, $1,252,275.00 of Long's payments were applied to the unpaid balance of the two (2) credit instruments still at issue in this action, thereby leaving an outstanding balance of $6,795,725.00.

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

## II. ARGUMENT

### A. There Is No Genuine Issue of Material Fact Regarding the Outstanding Amount Owed by Long

Despite Long's assertion to the contrary, a genuine issue of material fact does not exist as to the outstanding amount owed to MGM.  As set forth in MGM's Motion, Long executed five (5) credit instruments totaling $8,660,400.00 in October 2018.  (Declaration of Jennifer McEwin, ¶ 2; attached hereto as Exhibit 1.)   The $8,660,400.00 in credit was issued to Long on or about as follows:

October 13, 2018 at 5:28 p.m.: Instrument No. 2786376 in the amount of $5,053,000.00;

October 17, 2018 at 7:31 p.m.: Instrument No. 2786625 in the amount of $2,995,000.00;

October 17, 2018 at 7:31 p.m.: Instrument No. 2786626 in the amount of $412,400.00;

October 30, 2018 at 3:02 a.m.: Instrument No. 2788177 in the amount of $100,000.00; and

October 30, 2018 at 4:35 a.m.: Instrument No. 2788181 in the amount of $100,000.00

(Ex. 1, ¶ 2; Cage Activity Data, a true and correct copy is attached hereto as Exhibit 2; Credit Instrument Issuance Data, a true and correct copy is attached hereto as Exhibit 3.)

From October 25, 2018 to November 30, 2020, Long made five (5) payments totaling $1,864,675.00.[2]   (Ex. 1, ¶ 3.)   By making those payments, Long paid the following credit instruments in full: Instrument No. 2786626 ($412,400.00), Instrument No. 2788177 ($100,000.00) and Instrument No. 2788181 ($100,000.00).   (*Id.*)   The remaining amount of Long's payments, *i.e.* $1,252,275.00, was thereby applied to the outstanding amount of the two credit instruments at issue, leaving an unpaid balance of $6,795,725.00.  (*Id.*)

Thereafter, MGM first presented Instrument No. 2786376 in the amount of $5,053,000.00 for payment by Long's bank.  (Ex. 1, ¶ 4.)  When that credit instrument was returned dishonored and unpaid, MGM attempted to deposit Instrument No. 2786625, which was in the lesser amount

---

[2] As shown in Exhibit 2 hereto, Long's payments on October 25, 2018 in the amount of $64,675.00, and November 30, 2018 in the amount of $200,000.00, were front-money payments.  Specifically, Long deposited gambling chips at MGM's casino cage that were applied to his outstanding debt at the conclusion of his stay.  (Ex. 1, ¶ 3; Ex. 2.)

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

of $2,995,000.00.  (*Id.*)  As set forth in MGM's Motion, that credit instrument was also returned dishonored and unpaid.  (*Id.*)

Thus, Instrument No. 2786376 in the amount of $5,053,000.00 and Instrument No. 2786625 in the partial amount of $1,742,725.00 remain outstanding and unpaid.  (*Id.* at ¶ 5.) Considering Long's prior payments, which satisfied three of the five credit instruments he executed, any assertion that MGM has failed to establish the outstanding amount owed is, on its face, false.  Long's unpaid balance of $6,795,725.00 is clearly established by the two  dishonored and unpaid credit instruments attached to MGM's Motion.  (*See* Ex. 3 to Mot.)

In addition to the foregoing, Long's Declaration alleges that he was not present in Las Vegas on the dates identified on the two credit instruments at issue.  (ECF No. 23-1, ¶¶ 13-14.) However, casinos in Nevada generally do not date credit instruments until they are ready to be deposited. (Ex. 1, ¶ 6.)  Doing so ensures that the credit instruments will not become stale-dated before they are presented to a patron's bank for payment.  (*Id.*)  This process is expressly permitted by NRS 463.368(2), which states the following:

> A licensee or a person acting on behalf of a licensee may accept an incomplete credit instrument which:
>
> (a)  Is signed by a patron; and
>
> (b)  States the amount of the debt in figures
>
> ***and may complete the instrument as is necessary for the instrument to be presented for payment***.

(Emphasis added.)

In fact, upon signing the Credit Application, Long acknowledged that MGM was permitted to complete the credit instruments before depositing them.  The Credit Application expressly states the following: "I authorize MGMRI to complete and of the following information on those markers: (1) name of payee; (2) ***a date***; (3) name, account number and/or address of any of my banks and financial institutions; (4) electronic encoding of any of the above; and (5) as otherwise authorized by law." (*See* Ex. 2 to Mot) (emphasis added.)  By signing the Credit Application, Long also agreed that a "marker does not become a negotiable instrument until such

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

4

time as MGMRI inserts information necessary to transform the marker into a negotiable instrument, [at] which time I agree *may be subsequent to the date that I signed the marker*." (*Id.*) (Emphasis added.)

Based on the foregoing, Long has failed to establish a genuine issue of material fact as to the outstanding amount owed to MGM.  Thus, the Court should enter summary judgment against Long in the principal amount of $6,795,725.00.

     **B.**      **<u>Long's Purported Intoxication Defense Cannot Defeat Summary Judgment</u>**

        **1.**     *Long's Intoxication Defense Is Not a Lack of Capacity Defense*

A presumption exists that a party has capacity at the time they execute a contract.  *Lynn v. Magness*, 191 Md. 674, 682, 62 A.3d 604, 608 (1948).  To overcome this presumption, that party must provide evidence of incapacity.  *Id.* at 682, 62 A.3d at 608; *Schwartz v. Schwartz*, 95 Nev. 202, 206 n.2, 591 P.2d 1137, 1140 n.2 (1979) (a party who asserts an affirmative defense has the burden to prove each element of the defense).  Under Nevada law, "it must be shown that a man was incapable of exercising judgment, of understanding the proposed engagement, and of knowing what he was about when he entered into the contract, or else it would be held binding." *Seeley v. Goodwin*, 39 Nev. 315, 324, 156 P. 934, 937 (1916) (emphasis added); *see also Babcock v. Engel*, 58 Mont. 597, 194 P. 137 (1920) ("Intoxication must be so deep and excessive as to deprive one of his understanding. If intoxication is relied on as a defense, it must be to such a degree that the party who wishes to avoid his contract on this ground must have been deprived of his reason and understanding.").

"[T]he capacity to contract involves a person's inability to understand the terms of an agreement, not his actual understanding. Capacity relates to the status of the person rather than to the circumstances surrounding the transaction."  *General Motors v. Jackson*, 111 Nev. 1026, 1031, 900 P.2d 345, 349 (1995).

Further, it is not enough that a person was merely drinking at the time they executed the contract.  *Stockmen's Guaranty Loan Co. v. Sanchez*, 194 P. 603, 605, 26 N.M. 499, 505 (1920) ("Assuming that the appellant was slightly under the influence of liquor at the time, the evidence falls far short of showing that he was so intoxicated as to be incapable of knowing what he was

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

doing, which seems to be the extent of intoxication required to avoid a contract entered into by a drunkard."). Courts have found that voluntary intoxication will not set aside a contract. *See Cook v. Bagnell Timber Co.*, 78 Ark. 47, 48, 94 S.W. 695 (1906) ("[T]he contract of a person partially intoxicated at the time will not be set aside because of his intoxication. That condition results from his own act, and entitles him to no consideration whatever in either a court of law or of equity.").

Here, Long's declaration does not state that he *lacked capacity* to knowingly request the $6,795,725.00 of credit at issue. In fact, according to his declaration, Long "does not dispute that [he] executed casino markers with MGM" during his stay. (ECF No. 23-1, ¶ 10.) As set forth above, there is a clear distinction between intoxication and incapacity. The fact that one may be intoxicated does not in itself constitute a lack of capacity to contract. *See Stockmen's Guaranty Loan Co.,* 194 P. at 605; *Cook*, 78 Ark. at 48. Because Long does not contend that he lacked capacity upon requesting and executing the credit instruments at issue, his purported intoxication defense cannot defeat summary judgment.

Moreover, with the exception of his own self-serving declaration, there is simply no evidence that Long was intoxicated to the point of lacking capacity to contract when he executed the two credit instruments at issue. Courts will not find a genuine issue of material fact where the only evidence presented by the nonmoving party is "uncorroborated and self-serving" testimony. *Villiarimo v. Aloha Island Air*, *Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002) (citing *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)). Accordingly, Long's uncorroborated declaration does not create a genuine issue of material fact as to the enforceability of the two credit instruments at issue.

In addition, most if not all of Long's declaration is pure fiction and simply cannot be true. For example, Long's assertion that he was intoxicated for the entirety of his stay at MGM's property without any periods of sobriety is objectively absurd.[3] Long's declaration also fails to

---

[3] As discussed below, Long stayed at MGM's property from approximately September 28, 2018 to November 14, 2018.

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

detail the quantity of alcohol he purportedly consumed, the time period in which the alcohol was consumed, or his level of intoxication at any given time during his stay at MGM's property.

Furthermore, Long conveniently asserts that he was only "indebted to MGM" in the amount of his past payments – $1,864,675.00 – and is not responsible for the unpaid balance of the two credit instruments.  (*Id.* at ¶ 9.)  Long does not explain how he was sober enough to accept credit in the foregoing amount, but allegedly intoxicated when requesting and accepting the remaining $6,795,725.00 that is now owed to MGM.  Clearly, Long's purported intoxication defense has been manufactured to avoid his responsibility for the unpaid balance of the two dishonored credit instruments at issue in this case.

Based on the foregoing, Long's self-serving and unsubstantiated declaration is wholly insufficient to create a genuine issue of material fact regarding the enforceability of the two unpaid credit instruments he executed.  Because Long's purported intoxication defense, which does not as a matter of law give rise to a lack of capacity defense, is completely meritless, the Court should enter summary judgment in MGM's favor.

**2.    *Long Waived Any Purported Intoxication or Incapacity to Contract Defense by Ratifying the Credit Instruments and/or Failing to Disaffirm Them Within a Reasonable Time***

The Nevada Supreme Court has held that an incapacitated party "will be deemed to have ratified the contract unless within a reasonable time after becoming sober he takes steps to disaffirm it."  *Seeley*, 39 Nev. at 323, 156 P. at 936; *see also Stockmen's Guaranty Loan Co.*, 194 P. at 605, 26 N.M. at 505 ("assuming that the appellant was incapacitated by drunkenness at the time of the execution of the [contract], he nevertheless ratified his act by the numerous subsequent acts of affirmance" after he was sober such as making payments on the contract); Restatement (Second) of Contracts § 16 cmt. c ("On becoming sober, the intoxicated person must act promptly to disaffirm [the contract].").

"A party must actively choose—or 'elect,' to invalidate a voidable contract."  *Sununu v. Philippine Airlines, Inc.*, 792 F. Supp. 2d 39, 56 (D.D.C. 2011).  "The power of avoidance … terminates if the incapacitated party, upon regaining capacity, affirms or ratifies the contract."

*Hernandez v. Banks*, 65 A.3d 59, 67 (D.C. Ct. App. 2013); *Yannuzzi v. Commonwealth*, 390 A.2d 331, 332 (Pa. Commw. 1978). Once a party ratifies a contract, it may not later withdraw its ratification and seek to avoid the contract." *Mo. Pac. R.R. Co. v. Lely Dev. Corp.*, 86 S.W.3d 787, 792-93 (Tex. Ct. App. 2002).  Ratification may be inferred by a party's course of conduct and need not be shown by express word or deed." *Id.*  "Any act inconsistent with an intent to avoid a contract has the effect of ratifying the contract." *Id.*

Given the complete lack of evidence to the contrary, Long's purported intoxication defense is completely meritless.   However, even if Long was intoxicated to the point of being incapacitated upon executing the two credit instruments at issue (which he was not), Long later ratified them by (1) executing three subsequent credit instruments that he later paid in full, and (2) making payments toward the two credit instruments he now disputes.

In addition to his ratification of the credit instruments, Long also failed to disaffirm them within a reasonable time.

### a.   *Long's Actions Confirm His Ratification of the Credit Instruments at Issue*

As stated in MGM's Motion, Long executed five credit instruments in favor of MGM between October 13, 2018 and October 30, 2018.  The two dishonored credit instruments at issue in this matter – Instrument No. 2786376 in the amount of $5,053,000.00 and Instrument No. 2786625 in the amount of $2,995,000.00 – were signed on October 13, 2018 and October 17, 2018, respectively.  (*See* Exs. 2-3.)  On October 17, 2018, Long signed also signed Instrument No. 2786626 in the amount of $412,400.00.  (*Id.*)  Long made his first payment toward the in the amount of $64,675.00 on October 25, 2018.  (Ex. 2.)  This was five days before he executed the remaining two credit instruments, Instrument No. 2788177 and Instrument No. 278818.  (Exs. 2-3.)

Thereafter, Long proceeded to make four additional payments toward his debt as follows:

– November 30, 2018: $200,000.00

– February 27, 2019: $500,000.00

– January 27, 2019: $1,000,000.00

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

1

– November 30, 2020: $100,000.00

2

(Ex. 1, ¶ 7.)  Together, Long's five payments totaled $1,864,675.00.  (*Id.*)  Long does not dispute

3

that he made $1,864,675.00 in payments toward his outstanding debt to MGM.  (ECF No. 21-3, ¶

4

9.)

5

The foregoing confirms that Long ratified the two credit instruments still at issue.  Long

6

first ratified the credit instruments by subsequently requesting and executing three additional

7

credit instruments on October 17, 2018 and October 30, 2018.  Next, Long later paid the three

8

subsequent credit instruments in full, which was yet another act of ratification.  Finally, after the

9

three subsequent credit instruments were paid in full, Long *continued* to make payments toward

10

the outstanding balance of his debt.  As a result, $1,252,275.00 of Long's payments to MGM were

11

applied to the unpaid balance of the two credit instruments at issue in this matter.

12

Long's actions are fundamentally inconsistent with any purported intent to disaffirm the

13

credit instruments.  *Schmidt v. Shah*, 696 F. Supp. 2d 44, 63 (D.D.C. 2010) ("A party's power to

14

avoid a contract … is lost if, after the circumstances that made the contract voidable have ceased

15

to exist, the party 'manifests to the other party his intention to affirm it or acts with respect to

16

anything that he has received in a manner inconsistent with disaffirmance.'") (quoting

17

Restatement § 380); *Alexander v. Winters*, 3 Nev. 475, 49 P. 116, 119 (1897) ("[N]o person can

18

accept and reject the same instrument.")

19

Put simply, even if Long was intoxicated to the point of lacking capacity, he ratified the

20

two credit instruments at issue by (1) taking out subsequent credit instruments, (2) paying those

21

credit instruments in full, and (3) making $1,252,275.00 in additional payments towards the two

22

outstanding credit instruments.  The foregoing clearly confirms that Long ratified the two unpaid

23

credit instruments as a matter of law.  *See Mo. Pac. R.R. Co. v. Lely Dev. Corp.*, 86 S.W.3d 787,

24

792-93 (Tex. Ct. App. 2002) ("Whether a party has ratified a contract may be determined as a

25

matter of law if the evidence is not controverted or is incontrovertible."); *Sununu*, 792 F. Supp. 2d

26

at 56 ("By seeking to fulfill the contract, they foreclosed their opportunity to invalidate it.").  As a

27

result, Long cannot avoid his repayment obligations to MGM.

28

///

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**b.** ***Long Made No Attempts to Disaffirm the Credit Instruments Until He Filed His Opposition to MGM's Motion for Summary Judgment Four Years Later***

Even if Long did not ratify the two credit instruments at issue – which he clearly did – Long failed to disaffirm them within a reasonable time.  Upon reviewing Long's declaration, he does not allege that he ever informed MGM of his purported intoxication or any lack of capacity to execute the two credit instruments at issue.  Accordingly, Long's Opposition marks his *first* attempt to disaffirm the credit instruments, despite having plenty of opportunities to do so.

Indeed, the two credit instruments at issue were signed nearly four years ago.  Following their execution, Long made *five* payments toward the $8,660,400.00 debt that he owed to MGM.  When Long made his partial payments, he never challenged the enforceability of the credit instruments on the grounds of intoxication and/or incapacity to contract.

Further, Long stayed at MGM's property from approximately September 28, 2018 to November 14, 2018.  (Ex. 1, ¶ 8; Redacted Room Folios, true and correct copies are attached hereto as Exhibit 4.)  Thus, Long remained at MGM's property a *month* after the two (2) credit instruments were issued and signed.  In fact, Long returned to stay at MGM's property from December 30, 2018 to December 31, 2018.  (Ex. 1, ¶ 8; Ex. 3.)  Again, and despite the length of his stay, Long *never* disputed the enforceability of the two credit instruments with MGM.  (Ex. 1, ¶ 9.)

As set forth above, if Long intended to disaffirm the two credit instruments at issue, he was required to do so within a reasonable time.  He clearly failed to do so.  In fact, Long's Answer to MGM's Complaint does not raise intoxication or lack of capacity as an affirmative defense.  (*See* ECF No. 18.)   Because Long's Opposition marks the first time he has disputed the enforceability of the credit instruments on the grounds of intoxication and/or incapacity to contract, he failed to disaffirm them within a reasonable time as a matter of law.  *See In re Bos. Shipyard Corp.*, 886 F.2d 451, 455 (1st Cir. 1989) (finding ratification where alleged victim waited over a year and a half before claiming that agreement had been signed under duress); *Int'l*

*Techs. Consultants, Inc. v. Pilkington PLC,* 137 F.3d 1382, 1391 (9th Cir. 1998) (finding ratification where alleged victim failed to claim voidability until filing the lawsuit).[4]

Finally, given that four years have passed since the credit instruments were issued, it goes without saying that MGM is materially prejudiced by Long's newly invented defense of intoxication and/or incapacity to contract.  Among other things, any video surveillance of Long during his October 2018 stay at MGM's property has likely been lost.

The fact that Long ratified the credit instruments at issue, and did not disaffirm them within a reasonable time, confirms that he has waived an intoxication and/or incapacity to contract defense in this action.  Thus, the Court should enter summary judgment in favor of MGM.

**C.**    **Long Has Indicated That He Will Not Attend a Deposition in This Case, and If Long Maintains This Position, His Declaration Cannot Be Used to Create A Triable Issue Of Material Fact**

On March 11, 2022, MGM's counsel received an e-mail from Long's counsel, stating that they would not produce Long for a deposition.  (Declaration of Katie L. Cannata, Esq, ¶ 2; E-mail Correspondence Regarding Long's Deposition, a true and correct copy is attached hereto as Exhibit 6.)  According to Long's counsel, the reason for Long's refusal to appear for a deposition was that he would "be at risk for self-incrimination against his Fifth Amendment right if he is deposed for this matter, which is the subject of the criminal matter."  (Ex. 5, ¶ 2; Ex. 6.)

On March 14, 2022, the Parties convened for a meet and confer conference, whereby they discussed the issue of Long's deposition, whether it be in-person or remote.  (Ex. 5, ¶ 3.)  During their discussion, Long's counsel stated that he would discuss the issue further with Long and did not take a formal position during the meet and confer conference.  (*Id.*)  In response, MGM's counsel identified that if Long ultimately refuses to appear for a deposition, his declaration cannot

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

---

[4] A number of courts have examined what constitutes a "reasonable time" to disaffirm an allegedly void contract.  The following cases involved allegations of duress, but are nonetheless persuasive here: *Gallon v. Lloyd–Thomas Co.,* 264 F.2d 821, 826 (8th Cir.1959) (ten months too long); *Abbadessa v. Moore Business Forms, Inc.,* 987 F.2d 18, 23 (1st Cir.1993) (five months too long); *DiMartino v. Hartford,* 636 F.Supp. 1241, 1252 (D.Conn.1986) (two months too long); *Schmalz v. Hardy Salt Co.,* 739 S.W.2d 765, 767–68 (Mo.App.1987) (three months too long).

be used as a basis for opposing MGM's Motion. *See also United States v. Parcels of Land,* 903 F.2d 36, 43 (1st Cir.1990) (stating that a district court "had ample authority" to strike a defendant's affidavit submitted in opposition to a summary judgment motion, where the defendant had "invoked the fifth amendment and refused to answer the government's deposition questions."); *In re Edmond,* 934 F.2d 1304, 1308 (4th Cir.1991) ("[T]he Fifth Amendment privilege cannot be invoked as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion."); *see also, e.g., Lawson v. Murray,* 837 F.2d 653 (4th Cir.), *cert. denied,* 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988) (striking testimony of witness who invoked the Fifth Amendment during cross-examination); *United States v. Baker,* 721 F.2d 647 (8th Cir.1983) (disregarding direct testimony after defendant invoked the Fifth Amendment to prevent cross-examination); *United States v. Sack,* 118 F.R.D. 500 (D.Neb.1987) (concluding, in the context of a decision denying use immunity in a civil suit, that the litigant had to choose between taking the Fifth Amendment and losing, or answering the discovery questions and potentially fueling a grand jury criminal investigation).

MGM's counsel alternatively noted that if Long continues to rely upon his declaration as a basis to oppose summary judgment, MGM has a right to depose him and his Fifth Amendment privilege against self-incrimination has been unequivocally waived. *See Parcels of Land,* 903 F.2d at 43 (noting that an affidavit operates like other testimonial statements to raise the possibility that the witness has waived the Fifth Amendment privilege); *Mitchell v. United States*, 526 U.S. 314, 321 (1999) ("It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details.").

Considering the foregoing authorities, Long cannot utilize his declaration to oppose MGM's Motion and simultaneously refuse to attend a deposition. Additionally, because Long has proffered a sworn declaration in opposition to the Motion, he has already waived his Fifth Amendment privilege.

///

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

III.     **CONCLUSION**

Based on the foregoing, Long has not established a genuine issue of material fact as to the enforceability of the two credit instruments at issue in this matter.  Thus, MGM requests that the Court enter summary judgment in its favor.

DATED this 15th day of March, 2022.

SEMENZA KIRCHER RICKARD

*/s/ Katie L. Cannata*
Lawrence J. Semenza, III, Bar No. 7174
Christopher D. Kircher, Bar No. 11176
Jarrod L. Rickard, Bar No. 10203
Katie L. Cannata, Bar No. 14848
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145

*Attorneys for Plaintiff MGM Grand Hotel,*
*LLC d/b/a MGM Grand*

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

13

## CERTIFICATE OF SERVICE

I am employed by the law firm of Semenza Kircher Rickard in Clark County, Nevada. I am over the age of 18 and not a party to this action.  The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

On the 15th day of March, 2022, I served the document(s), described as:

**PLAINTIFF MGM GRAND HOTEL, LLC d/b/a MGM GRAND'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT KEVIN CHANG SHENG LONG**

☒   by sending ☐ an original ☒ a true copy

☒  a.  via **CM/ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

LAWRENCE C. HILL & ASSOCIATES
Lawrence C. Hill, Esq., larry@lvlegalhelp.com; info@lvlegalhelp.com
Sean O'Callaghan, Esq., sean.oc@lvlegalhelp.com
*Attorneys for Defendant*

☐  b.  **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Semenza Kircher Rickard's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐  c.  **BY PERSONAL SERVICE.**

☐  d.  **BY DIRECT EMAIL.**

☐  e.  **BY FACSIMILE TRANSMISSION.**

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Olivia A. Kelly*
An Employee of Semenza Kircher Rickard

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

**INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | Declaration of Jennifer McEwin |
| 2 | Cage Activity Data |
| 3 | Credit Instrument Issuance Data |
| 4 | Redacted Room Folios |
| 5 | Declaration of Katie L. Cannata, Esq. |
| 6 | E-Mail Correspondence Regarding Long's Deposition |

# EXHIBIT 1

# EXHIBIT 1

**DECLARATION OF JENNIFER MCEWIN IN SUPPORT OF
PLAINTIFF MGM GRAND HOTEL, LLC d/b/a MGM GRAND'S REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT KEVIN CHANG
SHENG LONG**

I, JENNIFER MCEWIN, state and declare as follows:

1.     I am the Executive Director of Credit and Collections for Plaintiff MGM Grand Hotel, LLC d/b/a MGM Grand ("MGM").   I make the following Declaration in support of MGM's Reply in Support of Motion for Summary Judgment (the "Motion") against Defendant Kevin Chang Sheng Long ("Long") (the "Reply").   I have personal knowledge of the facts contained in this Declaration and if called to do so, would testify competently thereto.   The documents, reports and/or records referred to in this Declaration were made in the course of regularly conducted business activities at or near the time of the matters set forth and I have access to these records in the course of my employment with MGM.

2.     As set forth in MGM's Motion, Long executed five (5) credit instruments totaling $8,660,400.00 in October 2018.   The $8,660,400.00 in credit was issued to Long on or about as follows:

October 13, 2018 at 5:28 p.m.: Instrument No. 2786376 in the amount of $5,053,000.00;

October 17, 2018 at 7:31 p.m.: Instrument No. 2786625 in the amount of $2,995,000.00;

October 17, 2018 at 7:31 p.m.: Instrument No. 2786626 in the amount of $412,400.00;

October 30, 2018 at 3:02 a.m.: Instrument No. 2788177 in the amount of $100,000.00; and

October 30, 2018 at 4:35 a.m.: Instrument No. 2788181 in the amount of $100,000.00

True and correct copies of the Cage Activity Data and Credit Instrument Issuance Data are attached to MGM's Reply as Exhibits 2 and 3, respectively.

3.     From October 25, 2018 and November 30, 2020, Long made five (5) payments totaling $1,864,675.00.   As shown in Exhibit 2 to MGM's Reply, Long's payments on October 25, 2018 in the amount of $64,675.00, and November 30, 2018 in the amount of $200,000.00, were front-money payments.   Specifically, Long deposited gambling chips at MGM's casino cage that were applied to his outstanding debt at the conclusion of his stay.   By making his five (5) payments, Long paid the following credit instruments in full: Instrument No. 2786626

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

1

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

($412,400.00), Instrument No. 2788177 ($100,000.00) and Instrument No. 2788181 ($100,000.00). The remaining amount of Long's payments, *i.e.* $1,252,275.00, was thereby applied to the outstanding amount of the two credit instruments at issue, leaving an unpaid balance of $6,795,725.00.

4.       Thereafter, MGM first presented Instrument No. 2786376 in the amount of $5,053,000.00 for payment by Long's bank. When that credit instrument was returned dishonored and unpaid, MGM attempted to deposit Instrument No. 2786625, which was in the lesser amount of $2,995,000.00. As set forth in MGM's Motion, that credit instrument was also returned dishonored and unpaid.

5.       Thus, Instrument No. 2786376 in the amount of $5,053,000.00 and Instrument No. 2786625 in the partial amount of $1,742,725.00 remain outstanding and unpaid.

6.       Casinos in Nevada generally do not date credit instruments until they are ready to be deposited. Doing so ensures that the credit instruments will not become stale-dated before they are presented to a patron's bank for payment. This process is expressly permitted by NRS 463.368(2).

7.       In addition to his front-money payments on October 25, 2018 ($64,675.00) and November 30, 2018 ($200,000.00), Long subsequently made three additional payments to MGM as follows:

–   February 27, 2019: $500,000.00

–   January 27, 2019: $1,000,000.00

–   November 30, 2020: $100,000.00

Thus, as stated above, Long's five payments totaled $1,864,675.00.

8.       Putting aside his requests and use of credit, Long stayed at MGM's property from approximately September 28, 2018 to November 14, 2018. In fact, Long returned to stay at MGM's property from December 30, 2018 to December 31, 2018. True and correct copies of the Redacted Room Folios are attached to MGM's Reply as Exhibit 4.

9.       Based upon my review of internal documents, reports and/or records, Long never challenged the enforceability of the two credit instruments at issue or raised any purported

1 | intoxication and/or lack of capacity defense with MGM before filing his Opposition to the Motion

2 | for Summary Judgment.

3 |      I declare under penalty of perjury under the laws of the State of Nevada that the foregoing

4 | is true and correct.

5 |      DATED this 4th day of March, 2022, in Clark County, Nevada.

6

7 | JENNIFER MCEWIN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

3

# EXHIBIT 2

# EXHIBIT 2

| Date | Document# | Action | Amount | Payment Method (s) | Markers Owed |
|------|-----------|--------|--------|--------------------|--------------|
| 11/30/18 | 401526134 | PAID-CAGE | 200,000 | FRONT MON | 8,395,725 |
| 10/30/18 | 2788181 | DREW-PIT | 100,000 | | 8,595,725 |
| 10/30/18 | 2788177 | DREW-PIT | 100,000 | | 8,495,725 |
| 10/25/18 | 401523828 | PAID-CAGE | 64,675 | FRONT MON | 8,395,725 |
| 10/17/18 | 2786626 | DREW-PIT | 412,400 | | 8,460,400 |
| 10/17/18 | 2786625 | DREW-PIT | 2,995,000 | | 8,048,000 |
| 10/13/18 | 2786376 | DREW-PIT | 5,053,000 | | 5,053,000 |

# EXHIBIT 3

# EXHIBIT 3



```
CRRQ301      J12                           MGM GRAND                          3/10/22
Prop Nbr:  09                          INQUIRE DOCUMENTS

DOCUMENT :     2786376              5,053,000          COUNTER CHECK
Account #:     2219626
Cust Name: LONG, KEVIN C
Types:

Type           Date         Time        Loc      By      Game-ID    Document    Amount
ISSUED     10/13/2018      5:28 PM      PM03     MH1     01BC21SD               $5,053,000
```

```
CRRQ301      J12                           MGM GRAND                          3/10/22
Prop Nbr:  09                          INQUIRE DOCUMENTS

DOCUMENT :     2786625              2,995,000          COUNTER CHECK
Account #:     2219626
Cust Name: LONG, KEVIN C
Types:

Type           Date         Time        Loc      By      Game-ID    Document    Amount
ISSUED     10/17/2018      7:31 PM      PM04     MC2     01BC21SS               $2,995,000
```

```
CRRQ301      J12                           MGM GRAND                          3/10/22
Prop Nbr:  09                          INQUIRE DOCUMENTS

DOCUMENT :     2786626              412,400           COUNTER CHECK
Account #:     2219626
Cust Name: LONG, KEVIN C
Types:

Type           Date         Time        Loc      By      Game-ID    Document    Amount
ISSUED     10/17/2018      7:31 PM      PM04     MC2     01BC21SS               $412,400

RDMD       10/25/2018                                              401523828   $412,400
```



```
CRRQ301    J12                          MGM GRAND                          3/10/22
Prop Nbr:  09                       INQUIRE DOCUMENTS

DOCUMENT :   2788177              100,000        COUNTER CHECK
Account #:     2219626
Cust Name: LONG, KEVIN C
Types:

Type          Date        Time        Loc      By      Game-ID    Document      Amount
ISSUED      10/30/2018   3:02 AM     PM04     ARN     09BC03GG                 $100,000
```

```
CRRQ301    J12                          MGM GRAND                          3/10/22
Prop Nbr:  09                       INQUIRE DOCUMENTS

DOCUMENT :   2788181              100,000        COUNTER CHECK
Account #:     2219626
Cust Name: LONG, KEVIN C
Types:

Type          Date        Time        Loc      By      Game-ID    Document      Amount
ISSUED      10/30/2018   4:35 AM     PM04     ARN     09BC03GG                 $100,000
```

# EXHIBIT 4

# EXHIBIT 4

**Mr. Kevin Long**

| | |
|---|---|
| **Room No.** | 33031 |
| **Conf No.** | 784462183 |
| **Arrival** | 09/28/18 |
| **Departure** | 10/28/18 |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|
| 09/28/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 09/29/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 09/30/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/01/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/02/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/03/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/04/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/05/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/06/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/07/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/08/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/09/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/10/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/11/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/12/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/13/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/14/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/15/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/16/18 | Room Rate Comp | 7,500.00 | |

**Mr. Kevin Long**

████████████████

| | |
|---|---|
| **Room No.** | **33031** |
| **Conf No.** | **784462183** |
| **Arrival** | **09/28/18** |
| **Departure** | **10/28/18** |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/17/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/18/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/19/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/20/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/21/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/22/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/23/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/24/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/25/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/26/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/27/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/28/18 | Comp Settlement | | 225,000.00 |

| | **Total** | **225,000.00** | **225,000.00** |
|---|---|---|---|
| | **Balance** | **0.00** | |

**Mr. Kevin Long**

| | |
|---|---|
| **Room No.** | **33031** |
| **Conf No.** | **784462183** |
| **Arrival** | **09/28/18** |
| **Departure** | **10/28/18** |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|------|-------------|---------|---------|

If you were a guest at an MGM Resorts property within the last 14 days and have subsequently tested positive for the coronavirus (COVID-19), we ask that you contact us at covid19@mgmresorts.com so that we can provide your information to the local health department to support their contact tracing efforts.

**REDACTED**

**Mr. Kevin Long**

█████████████████

| | | |
|---|---|---|
| **Room No.** | **30090** |
| **Conf No.** | **784484113** |
| **Arrival** | **09/28/18** |
| **Departure** | **10/28/18** |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|------|-------------|---------|---------|
| 09/28/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 09/29/18 | Room Rate Comp | 2,185.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 09/30/18 | Room Rate Comp | 960.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/01/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/02/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/03/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/04/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/05/18 | Room Rate Comp | 2,185.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/06/18 | Room Rate Comp | 2,185.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/07/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/08/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/09/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/10/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/11/18 | Room Rate Comp | 960.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/12/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/13/18 | Room Rate Comp | 2,185.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/14/18 | Room Rate Comp | 960.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/15/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/16/18 | Room Rate Comp | 1,800.00 | |

**Mr. Kevin Long**

███████████████████████

| | |
|---|---|
| **Room No.** | **30090** |
| **Conf No.** | **784484113** |
| **Arrival** | **09/28/18** |
| **Departure** | **10/28/18** |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/17/18 | Room Rate Comp | 2,185.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/18/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/19/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/20/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/21/18 | Room Rate Comp | 960.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/22/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/23/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/24/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/25/18 | Room Rate Comp | 960.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/26/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/27/18 | Room Rate Comp | 2,185.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/28/18 | Comp Settlement | | 52,110.00 |

| | **Total** | **52,110.00** | **52,110.00** |
|---|---|---|---|
| | **Balance** | **0.00** | |

REDACTED

**Mr. Kevin Long**

| | |
|---|---|
| **Room No.** | **30090** |
| **Conf No.** | **784484113** |
| **Arrival** | **09/28/18** |
| **Departure** | **10/28/18** |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|------|-------------|---------|---------|

If you were a guest at an MGM Resorts property within the last 14 days and have subsequently tested positive for the coronavirus (COVID-19), we ask that you contact us at covid19@mgmresorts.com so that we can provide your information to the local health department to support their contact tracing efforts.

REDACTED

**Mr. Kevin Long**

| | |
|---|---|
| **Room No.** | **14554** |
| **Conf No.** | **784703128** |
| **Arrival** | **10/06/18** |
| **Departure** | **10/09/18** |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|
| 10/09/18 | Room Rate Comp | 196.00 | |
| | [20010001->20010002] Comp transfer from Window 1 to 101 | | |
| 10/09/18 | Room Rate Comp | 128.00 | |
| | [20010001->20010002] Comp transfer from Window 1 to 101 | | |
| 10/09/18 | Room Rate Comp | 128.00 | |
| | [20010001->20010002] Comp transfer from Window 1 to 101 | | |
| 10/09/18 | Comp Settlement | | 452.00 |
| | **Total** | **452.00** | **452.00** |
| | **Balance** | **0.00** | |

If you were a guest at an MGM Resorts property within the last 14 days and have subsequently tested positive for the coronavirus (COVID-19), we ask that you contact us at covid19@mgmresorts.com so that we can provide your information to the local health department to support their contact tracing efforts.

**Mr. Kevin Long**

█████████████████

| | |
|---|---|
| **Room No.** | **21114** |
| **Conf No.** | **785183585** |
| **Arrival** | **10/22/18** |
| **Departure** | **10/27/18** |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|
| 10/22/18 | Room Rate Comp | 128.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/23/18 | Room Rate Comp | 128.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/24/18 | Room Rate Comp | 128.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/25/18 | Room Rate Comp | 68.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/26/18 | Room Rate Comp | 128.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/27/18 | Comp Settlement | | 580.00 |
| | **Total** | **580.00** | **580.00** |
| | **Balance** | **0.00** | |

If you were a guest at an MGM Resorts property within the last 14 days and have subsequently tested positive for the coronavirus (COVID-19), we ask that you contact us at covid19@mgmresorts.com so that we can provide your information to the local health department to support their contact tracing efforts.

REDACTED

**Mr. Kevin Long**

█████████████████████

| | |
|---|---|
| **Room No.** | **21126** |
| **Conf No.** | **785321795** |
| **Arrival** | **10/26/18** |
| **Departure** | **10/31/18** |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|
| 10/26/18 | Room Rate Comp | 150.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/27/18 | Room Rate Comp | 230.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/28/18 | Room Rate Comp | 150.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/29/18 | Room Rate Comp | 150.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/30/18 | Room Rate Comp | 230.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/31/18 | Comp Settlement | | 910.00 |
| | **Total** | **910.00** | **910.00** |
| | **Balance** | **0.00** | |

If you were a guest at an MGM Resorts property within the last 14 days and have subsequently tested positive for the coronavirus (COVID-19), we ask that you contact us at covid19@mgmresorts.com so that we can provide your information to the local health department to support their contact tracing efforts.

**REDACTED**

**Mr. Kevin Long**

█████████████████

| | |
|---|---|
| **Room No.** | **30090** |
| **Conf No.** | **785358085** |
| **Arrival** | **10/28/18** |
| **Departure** | **11/07/18** |

---

| DATE | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|
| 10/28/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 102 | | |
| 10/29/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 102 | | |
| 10/30/18 | Room Rate Comp | 2,185.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 102 | | |
| 10/31/18 | Room Rate Comp | 2,185.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 102 | | |
| 11/01/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 102 | | |
| 11/02/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 102 | | |
| 11/03/18 | Room Rate Comp | 1,800.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 102 | | |
| 11/04/18 | Room Rate Comp | 960.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 102 | | |
| 11/07/18 | Comp Settlement | | 14,330.00 |

---

| | | | |
|---|---|---|---|
| | **Total** | **14,330.00** | **14,330.00** |
| | **Balance** | **0.00** | |

If you were a guest at an MGM Resorts property within the last 14 days and have subsequently tested positive for the coronavirus (COVID-19), we ask that you contact us at covid19@mgmresorts.com so that we can provide your information to the local health department to support their contact tracing efforts.

**Mr. Kevin Long**

█████████████████

| | |
|---|---|
| **Room No.** | **33031** |
| **Conf No.** | **785032541** |
| **Arrival** | **10/28/18** |
| **Departure** | **11/14/18** |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|
| 10/28/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/29/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/30/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 10/31/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/01/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/02/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/03/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/04/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/05/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/06/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/07/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/08/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/09/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/10/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/11/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/12/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/13/18 | Room Rate Comp | 7,500.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 11/14/18 | Comp Settlement | | 127,500.00 |

REDACTED

**Mr. Kevin Long**

███████████████

| | | |
|---|---|---|
| **Room No.** | 33031 | |
| **Conf No.** | 785032541 | |
| **Arrival** | 10/28/18 | |
| **Departure** | 11/14/18 | |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|
| | **Total** | **127,500.00** | **127,500.00** |
| | **Balance** | **0.00** | |

If you were a guest at an MGM Resorts property within the last 14 days and have subsequently tested positive for the coronavirus (COVID-19), we ask that you contact us at covid19@mgmresorts.com so that we can provide your information to the local health department to support their contact tracing efforts.

**Mr. Kevin Long**

| | |
|---|---|
| **Room No.** | **19219** |
| **Conf No.** | **786927035** |
| **Arrival** | **12/30/18** |
| **Departure** | **01/01/19** |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|
| 12/30/18 | Room Rate Comp | 230.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 12/31/18 | Room Rate Comp | 480.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 01/01/19 | Comp Settlement | | 710.00 |
| | **Total** | **710.00** | **710.00** |
| | **Balance** | **0.00** | |

If you were a guest at an MGM Resorts property within the last 14 days and have subsequently tested positive for the coronavirus (COVID-19), we ask that you contact us at covid19@mgmresorts.com so that we can provide your information to the local health department to support their contact tracing efforts.

**REDACTED**

**Mr. Kevin Long**

████████████████████

| | |
|---|---|
| **Room No.** | **19226** |
| **Conf No.** | **786927039** |
| **Arrival** | **12/30/18** |
| **Departure** | **01/01/19** |

| DATE | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|
| 12/30/18 | Room Rate Comp | 230.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 12/31/18 | Room Rate Comp | 480.00 | |
| | [20010001->20010002] Comp auto transfer from Window 1 to 101 | | |
| 01/01/19 | Comp Settlement | | 710.00 |

| | | | |
|---|---|---|---|
| | **Total** | **710.00** | **710.00** |
| | **Balance** | **0.00** | |

If you were a guest at an MGM Resorts property within the last 14 days and have subsequently tested positive for the coronavirus (COVID-19), we ask that you contact us at covid19@mgmresorts.com so that we can provide your information to the local health department to support their contact tracing efforts.

# EXHIBIT 5

# EXHIBIT 5

1

2

**DECLARATION OF KATIE L. CANNATA, ESQ. IN SUPPORT OF PLAINTIFF MGM GRAND HOTEL, LLC d/b/a MGM GRAND'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT KEVIN CHANG SHENG LONG**

3

I, KATIE L. CANNATA, state and declare as follows:

4

5

6

7

8

1.      I am an Associate with Semenza Kircher Rickard, counsel for Plaintiff MGM Grand Hotel, LLC d/b/a MGM Grand ("MGM").  I make the following Declaration in support of MGM's Reply in Support of its Motion for Summary Judgment Against Defendant Kevin Chang Sheng Long ("Long") (the "Reply").  I have personal knowledge of the facts contained in this Declaration and if called to do so, would testify competently thereto.

9

10

11

12

13

14

2.      On March 11, 2022, I received an e-mail from Long's counsel, Lawrence Hill, Esq., stating that he would not produce Long for a deposition.  According to Mr. Hill, the reason for Long's refusal to appear for a deposition was that he would "be at risk for self-incrimination against his Fifth Amendment right if he is deposed for this matter, which is the subject of the criminal matter."  A true and correct copy of the E-mail Correspondence Regarding Long's Deposition is attached to MGM's Reply as Exhibit 6.

15

16

17

18

19

20

21

22

3.      On March 14, 2022, Mr. Hill and Lawrence J. Semenza, III, Esq. convened for a meet and confer conference, whereby they discussed the issue of Long's deposition, whether it be in-person or remote.  During their discussion, Mr. Hill stated that he would discuss the issue further with Long and did not take a formal position during the meet and confer conference.  In response, Mr. Semenza identified that (1) if Long ultimately refuses to appear for a deposition, his declaration cannot be used as a basis for opposing MGM's Motion, and (2) if Long continues to rely upon his declaration as a basis to oppose summary judgment, MGM has a right to depose him and his Fifth Amendment privilege against self-incrimination has been unequivocally waived.

23

24

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

25

DATED this 15th day of March, 2022 in Clark County, Nevada.

26

27

*/s/ Katie L. Cannata*
KATIE L. CANNATA

28

*SEMENZA KIRCHER RICKARD*
*10161 Park Run Drive, Suite 150*
*Las Vegas, Nevada 89145*
*Telephone: (702) 835-6803*

1

# EXHIBIT 6

# EXHIBIT 6

| | |
|---|---|
| **From:** | Lawrence J. Semenza, III |
| **To:** | larry; Katie Cannata |
| **Cc:** | Sean@lvlegalhelp.com |
| **Subject:** | RE: MGM v. Long - Notice of Deposition of Kevin Long |
| **Date:** | Friday, March 11, 2022 2:51:41 PM |

Let's do 2 on Monday.  L.J.

Lawrence J. Semenza, III, Esq.

Semenza Kircher Rickard

10161 Park Run Drive, Suite 150

Las Vegas, Nevada 89145

E-mail: ljs@skrlawyers.com

Website: www.skrlawyers.com

Telephone: 702-835-6803

Cellular: 702-612-9813

Facsimile: 702-920-8669

To ensure compliance with the requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for purposes of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This transmission and any attachment is attorney privileged and confidential.  Any dissemination or copying of this communication is prohibited.  If you are not the intended recipient, please notify us immediately by replying and delete the message.  Thank you.

**From:** larry <larry@lvlegalhelp.com>
**Sent:** Friday, March 11, 2022 2:47 PM
**To:** Lawrence J. Semenza, III <ljs@skrlawyers.com>; Katie Cannata <klc@skrlawyers.com>
**Cc:** Sean@lvlegalhelp.com
**Subject:** RE: MGM v. Long - Notice of Deposition of Kevin Long

I can do Monday at 10 am or 2pm and Tuesday at 1030 am or 3pm. Thanks. Larry

-------- Original message --------
From: "Lawrence J. Semenza, III" <ljs@skrlawyers.com>
Date: 3/11/22 12:53 PM (GMT-08:00)
To: larry <larry@lvlegalhelp.com>, Katie Cannata <klc@skrlawyers.com>
Cc: info@lvlegalhelp.com, Michael <michael@parientelaw.com>
Subject: RE: MGM v. Long - Notice of Deposition of Kevin Long

We certainly can, let me know when you can hop on a call.  L.J.

Lawrence J. Semenza, III, Esq.

Semenza Kircher Rickard
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
E-mail: ljs@skrlawyers.com
Website: www.skrlawyers.com
Telephone: 702-835-6803
Cellular: 702-612-9813
Facsimile: 702-920-8669

To ensure compliance with the requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for purposes of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This transmission and any attachment is attorney privileged and confidential.  Any dissemination or copying of this communication is prohibited.  If you are not the intended recipient, please notify us immediately by replying and delete the message.  Thank you.

**From:** larry <larry@lvlegalhelp.com>
**Sent:** Friday, March 11, 2022 12:51 PM
**To:** Lawrence J. Semenza, III <ljs@skrlawyers.com>; Katie Cannata <klc@skrlawyers.com>
**Cc:** info@lvlegalhelp.com; Michael <michael@parientelaw.com>
**Subject:** RE: MGM v. Long - Notice of Deposition of Kevin Long

That is what I'm thinking - unless there is some other solution we can craft. Would you like to have a 2.34 conference? Thanks, Larry C. Hill, Esq.

-------- Original message --------
From: "Lawrence J. Semenza, III" <ljs@skrlawyers.com>
Date: 3/11/22 12:34 PM (GMT-08:00)
To: "Lawrence C. Hill, Esq." <Larry@lvlegalhelp.com>, Katie Cannata <klc@skrlawyers.com>
Cc: info@lvlegalhelp.com, Michael <michael@parientelaw.com>, "Lawrence J. Semenza, III" <ljs@skrlawyers.com>
Subject: RE: MGM v. Long - Notice of Deposition of Kevin Long

Hi Larry, just to be clear you will not be producing Mr. Long for a deposition at all in this case (either in person or remotely), correct?  L.J.

Lawrence J. Semenza, III, Esq.
Semenza Kircher Rickard
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
E-mail: ljs@skrlawyers.com
Website: www.skrlawyers.com

Telephone: 702-835-6803
Cellular: 702-612-9813
Facsimile: 702-920-8669

To ensure compliance with the requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for purposes of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This transmission and any attachment is attorney privileged and confidential.  Any dissemination or copying of this communication is prohibited.  If you are not the intended recipient, please notify us immediately by replying and delete the message.  Thank you.

---

**From:** Lawrence C. Hill, Esq. <Larry@lvlegalhelp.com>
**Sent:** Friday, March 11, 2022 12:12 PM
**To:** Katie Cannata <klc@skrlawyers.com>
**Cc:** Lawrence J. Semenza, III <ljs@skrlawyers.com>; info@lvlegalhelp.com; Michael <michael@parientelaw.com>
**Subject:** RE: MGM v. Long - Notice of Deposition of Kevin Long

Dear Ms. Cannata -

Due to the pending criminal complaint that MGM has filed with the Clark County District Attorney's Office, Bad Check Unit, Las Vegas Justice Court Case Number: 21-CR-034464, Mr. Long shall be at risk for self-incrimination against his Fifth Amendment right if he is deposed for this matter, which is the subject of the criminal matter whereby the State of Nevada is alleging two counts of Non-sufficient Funds, two counts of theft, and one count of Obtaining Money under False Pretense.

We will be filing a motion for protective order this coming week. I've also copied Mr. Michael Pariente, who is his criminal defense counsel.

Best regards,



**Lawrence C. Hill, Esq.**
*Attorney – Managing Partner*

Larry@LVLegalHelp.com



**LAWRENCE C. HILL & ASSOCIATES, LTD.**
2020 W. Sunset Road
Henderson, Nevada 89014
Office: (702) 530-5688 / Fax: (702) 666-9109
www.LVLegalHelp.com

PRIVILEGE AND CONFIDENTIALITY NOTICE. DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication may contain confidential and/or privileged information intended only for the individual listed

above. If you have received this communication in error, please call us (collect) immediately at (702) 530-5688 and ask to speak to Larry Hill, Esq.. Also please e-mail the sender and notify the sender immediately that you have received the communication in error.

Tax Opinion Disclaimer To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you, i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another party any transaction or matter addressed herein.