UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MGM GRAND HOTEL,<br>    Plaintiff,<br>v.<br>KEVIN CHANG SHENG LONG,<br>    Defendant. | Case No. 2:21-cv-01476-APG-NJK<br>**Order**<br>[Docket No. 29] |

Pending before the Court is Defendant Kevin Chang Sheng Long's motion to stay, which was filed on an emergency basis. Docket No. 29. For the reasons discussed below, the motion to stay is **DENIED** in part and **DEFERRED** in part. The motion will be briefed and decided in the normal course.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such

1

matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-7(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

The instant motion is targeted most specifically at a deposition that is set to occur on March 29, 2022. Docket No. 29 at 3. Defendant has had notice of this deposition since *at least* March 7, 2022. *See* Docket No. 24 at 1.[1] Nonetheless, Defendant did not file the instant motion until 4:40 p.m. on March 24, 2022, which left roughly two court days to resolve the motion.[2] While

---

[1] Defendant's motion asserts that the notice of deposition is attached as an exhibit, Docket No. 29 at 3, but it is not. In a stipulation for extension filed on March 7, 2022, the parties referenced the noticing of this deposition. Docket No. 24 at 2.

[2] March 26 and March 27 are Saturday and Sunday, respectively.

Defendant seeks emergency relief to obtain an order before the deposition, this is an emergency situation of his own making. No explanation has been advanced as to why this motion could not have been filed sufficiently in advance of the deposition to enable briefing and a decision prior to March 29, 2022. The decision to delay the instant motion until the 11th hour renders it subject to denial as being untimely. *See, e.g.*, *Allstate Ins. Co. v. Nassiri*, 2011 WL 4905639, at *1 (D. Nev. Oct. 14, 2011) (overruling objections to magistrate judge order finding an emergency motion to quash subpoena was untimely when three-weeks' notice was provided for a deposition but the motion to quash was filed only three days before the deposition).[3]

Accordingly, the motion to stay is **DENIED** with respect to the upcoming deposition. Defendant must appear for deposition, though he may make any appropriate objections on the record. *Cf. United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995) ("The only way the Fifth Amendment can be asserted as to testimony is on a question-by-question basis").[4] The motion to stay is also **DENIED** with respect to the written discovery at issue. Defendant must respond to that discovery, though he may make any appropriate objections in those responses. As to the request to stay the case more generally, the motion will be briefed on the default schedule and will be decided in the normal course.

IT IS SO ORDERED.

Dated: March 25, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[3] The same problems preclude relief as to the written discovery referenced, for which responses are due in the coming days. *See* Docket No. 29 at 3; *see also* Fed. R. Civ. P. 34(b)(2)(A) (responses to requests for production are due 30 days after service of those requests).

[4] Defendant worries that he may be sanctioned for invoking his Fifth Amendment rights. Docket No. 29 at 6-7. Defendant has not presented any legal authority that invoking the Fifth Amendment—if done properly and in accordance with all legal requirements—could lead to sanctions.