Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: ljs@skrlawyers.com
Christopher D. Kircher, Esq., Bar No. 11176
Email: cdk@skrlawyers.com
Jarrod L. Rickard, Esq., Bar No. 10203
Email: jlr@skrlawyers.com
Katie L. Cannata, Esq., Bar No. 14848
Email: klc@skrlawyers.com
SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

*Attorneys for Plaintiff MGM Grand Hotel, LLC
d/b/a MGM Grand*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MGM GRAND HOTEL, LLC<br>d/b/a MGM GRAND<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KEVIN CHANG SHENG LONG,<br><br>　　　　　　　　　　Defendant. | Case No. 2:21-cv-01476-APG-NJK<br><br>**STIPULATED PROTECTIVE ORDER<br>AND CONFIDENTIALITY<br>AGREEMENT** |

WHEREAS, Plaintiff MGM Grand Hotel, LLC d/b/a MGM Grand ("MGM") has brought the above-entitled case against Defendant Kevin Chang Sheng Long ("Long") (collectively, the "Parties");

WHEREAS, the MGM possesses records and/or documents ("documents") related to the instant lawsuit;

WHEREAS, certain of the documents and information to be produced by MGM may contain privileged, confidential, commercially sensitive, personal or other sensitive information, or may constitute trade secrets under Nevada law, the public disclosure of which could cause irreparable harm;

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

WHEREAS, the production of the documents that are produced and which contain privileged, confidential, commercially sensitive, personal or other sensitive information, or may constitute a trade secret, is in the public interest; and

THEREFORE, IT IS HEREBY STIPULATED AND AGREED between the Parties, by and through their respective attorneys of record, as follows:

**1.     Confidential Information.**   In providing or revealing discovery materials, any party may designate as "Confidential Information" the whole or any part of discovery material which constitutes trade secrets, know-how, proprietary data, marketing information, contracts, financial information, and/or similar commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or that unprotected disclosure might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.   A party may also designate as Confidential Information compilations of publicly available discovery materials, which would not be known publicly in a compiled form.   Any copies, photographs, depictions, excerpts, notes concerning, or other information generated from an inspection of the matters designated Confidential Information must be treated in the same manner.

**2.     Designation of Confidential Information.**   Documents or things or information produced or otherwise furnished (whether subpoenaed, produced informally, through discovery, or through an executed release agreement) that should be designated as Confidential Information as provided in Paragraph 1, may be designated Confidential Information by the producing party, a party who is the original source of the documents or information, or by a party or other person who has executed a release or authorization that resulted in the production of the documents or information.   Any party or person who wants to designate documents or things or information as Confidential Information must effectuate that designation by stamping or marking on the documents or other material the term "CONFIDENTIAL."

**3.     Use of Confidential Information.**   All documents and information designated or marked "CONFIDENTIAL" shall be used by the receiving party solely for the purposes of this lawsuit, shall not be disclosed to anyone other than those persons identified herein in Section 5

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

2

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

and shall be handled in the manner set forth herein until such designation is removed by the producing party or by order of the Court.  Such Confidential Information shall not be used by any receiving party or other person granted access thereto under this Stipulated Protective Order and Confidentiality Agreement ("Stipulated Protective Order") for any purpose, including, but not limited to, a business or competitive purpose.  Nothing herein shall preclude the producing party from using its own Confidential Information.  Documents or other information designated as "CONFIDENTIAL" may be used in connection with hearings before the Court.  Transcripts or portions thereof which record hearing testimony concerning confidential documents or information may be marked as "CONFIDENTIAL" by any party within thirty (30) days after receiving the hearing transcript.  The party wishing to make such designation must advise all other parties, and the designated portion(s) of the hearing transcript must thereafter be treated as subject to the terms of this Stipulated Protective Order.

    **4.**    **Use of Confidential Information in Depositions.**  Any party shall have the right to use documents and information designated or marked "CONFIDENTIAL" during depositions. However, to the extent a third-party deponent is present, that third party deponent shall be required to execute a copy of the "Acknowledgment and Agreement to be Bound" included as Attachment "A" to this Stipulated Protective Order.  At any deposition session, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or whenever counsel for a party deems that the answer to the question may result in the disclosure of Confidential Information, or whenever counsel for a party deems that the answer to any question has resulted in the disclosure of Confidential Information, the deposition (or portions thereof) may be designated by the affected party as containing Confidential Information subject to the provisions of this Stipulated Protective Order.  When such designation has been made, the testimony or the transcript of such testimony shall be disclosed only to those parties described in Section 5 and to the testifying third party deponent, and the information contained therein shall be used only as specified in this Stipulated Protective Order.  Moreover, all originals and copies of deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of

such transcript so designated shall be filed under seal.  Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" within thirty (30) days of receiving the transcript. Designations may be made by letter to counsel of record or on the record during the deposition. Portions of deposition transcripts so designated shall be treated as Confidential Information by the parties as set forth herein.  During the thirty (30) day period, the entire transcript shall be treated as confidential.  If no confidential designations are made within the thirty (30) day period, the entire transcript shall be considered non-confidential.

**5.      Disclosure of Confidential Information.**  Documents, information or other materials designated as "CONFIDENTIAL" shall be restricted to the following persons:

a.      The Court, the court-appointed arbitrator and/or courts of review (collectively, "Court") and any person normally incident to disclosure to the Court, such as, but not limited to: court reporters, clerks of the court and the court-appointed arbitrator's staff.  The party disclosing the confidential records or things to the Court or for the purpose of having those records or things become a part of the permanent case record must do so under seal.

b.      Any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation.

c.      Counsel who have appeared of record for any party in this case and have signed this Stipulated Protective Order and counsel's support staff, including any attorneys or staff who are regularly employed by or retained by the party's counsel, and who are actively engaged in assisting such counsel with respect to this litigation.

d.      Each party to this litigation, a designated member of any such party's general counsel's office, and legal administrative staff to the designated member of the general counsel's office.  Each party to this litigation will be required to review a copy of this Stipulated Protective Order and sign a copy of the "Acknowledgment and Agreement to be Bound" included as Attachment "A" to this Stipulated Protective Order prior to being provided with copies of the confidential records or things, as described in Paragraph 1.

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

e.      Persons shown on the face of a document to have authored or received it.

f.      Employees, former employees (but only to the extent necessary to prepare for deposition or assist in preparation of discovery responses by their former employer) or other agents of the producing party.

g.      Retained experts (including persons directly employed by such experts), but only to the extent necessary to perform their work in connection with this case.  Such retained experts, advisors, and consultants will be required to review a copy of this Stipulated Protective Order and sign a copy of the "Acknowledgment and Agreement to be Bound" included as Attachment "A" to this Stipulated Protective Order prior to being provided with copies of the confidential records or things, as described in Paragraph 1.

h.      Any person whom the Parties agree, in advance and in writing, may receive such protected information, provided that the person has reviewed a copy of this Stipulated Protective Order and signed a copy of the "Acknowledgment and Agreement to be Bound" included as Attachment "A" to this Stipulated Protective Order prior to being provided with copies of the confidential records or things, as described in Paragraph 1.

Any person to whom Confidential Information is disclosed pursuant to subparts (b), (c), (d), (e), (g) or (h) of Paragraph 5 shall be advised that the Confidential Information is being disclosed pursuant to this Stipulated Protective Order, and that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Stipulated Protective Order.

**6.      Highly Confidential Information.**  Parties may further designate information which contain highly sensitive commercial and proprietary information as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "Highly Confidential Information"), in the manner described in Paragraphs 2, 3 and 4 above.  Highly Confidential Information shall be disclosed only to the following, unless otherwise agreed between the parties in writing or ordered by the Court:

a.      The Court, the court-appointed arbitrator and any person normally

incidental to disclosure to the Court, such as, but not limited to:  court reporters and/or clerks of the court.  The party disclosing the confidential records or things to the Court or for the purpose of having those records or things become a part of the permanent case record must do so under seal.

b.      Any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation.

c.      Counsel who have appeared of record for any party in this case and have signed this Stipulated Protective Order and counsel's support staff, including any attorneys or staff who are regularly employed by or retained by the party's counsel, and who are actively engaged in assisting such counsel with respect to this litigation.

d.      Retained experts (including persons directly employed by such experts), but only to the extent necessary to perform their work in connection with this case.  Such retained experts will be required to review a copy of this Stipulated Protective Order and sign a copy of the "Acknowledgment and Agreement to be Bound" included as Attachment "A" to this Stipulated Protective Order prior to being provided with copies of the confidential records or things, as described in Paragraph 1.

e.      Any other person as to whom the parties in writing agree or that the Court in these proceedings designates. If the disclosure of Highly Confidential Information is made pursuant to this paragraph, all other provisions in this Stipulated Protective Order with respect to confidentiality shall also apply.

**7.      Use of Highly Confidential Information.**  All Highly Confidential Information designated or marked as provided herein shall be used by the receiving party solely for the purposes of this lawsuit and shall not be disclosed to anyone other than those persons identified herein and shall be handled in the manner set forth until such designation is removed by the producing party or by Order of the Court.  Such Highly Confidential Information shall not be used by any receiving party or other person granted access thereto under this Stipulated Protective Order for any purpose including, but not limited to, a business or competitive purpose. Nothing herein shall preclude the producing party from using its own Highly Confidential

Information.

8.     **Filing of Confidential Material with Court.**  Any Confidential Information or Highly Confidential Information (collectively "Confidential Material") which is filed with the Court by any party, including transcripts of depositions or portions thereof, documents produced in discovery, information obtained from inspection of premises or things, and answers to interrogatories or requests for admissions, exhibits and all other documents which have previous ignated as containing Confidential Material or any pleading or memorandum ntaining such information, shall be submitted to the Court in conjunction with a motion for leave to file under seal pursuant to LR IA 10-5(a).  If documents containing Confidential Material are filed under seal under prior court order, said documents shall state on the first page, directly under the case number:

**"FILED UNDER SEAL UNDER COURT ORDER (ECF No.___)."**

All documents filed under seal shall be served upon the non-disclosing party in paper form, notwithstanding whether said documents are electronically filed, in accordance with LRC IC 4-1(c).

9.     **Application to Third Parties.**  This Protective Order shall inure to the benefit of and may be invoked and enforced by third parties subpoenaed or requested to produce documents and things or information, or to give deposition testimony, in this action and designated by them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in the manner provided herein.  Any third party invoking the Stipulated Protective Order shall comply with, and be subject to, all other applicable sections of the Stipulated Protective Order.

10.    **Knowledge of Unauthorized Use or Possession**.  The receiving party shall immediately notify the producing party in writing if the receiving party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Material which has occurred by way of Confidential Material provided to that receiving party.  The receiving party shall promptly furnish the producing party the full details of such possession, knowledge, use or disclosure.  With respect to such unauthorized possession, knowledge use or disclosure the

See order issued
concurrently herewith

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

receiving party shall assist the producing party in preventing its recurrence of and shall cooperate fully with the producing party in any litigation to prevent unauthorized use or further dissemination of the Confidential Material.

**11. Use at Trial and/or Arbitration**. Subject to the terms of this Stipulated Protective Order and applicable rules of evidence, documents or other materials designated and marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be offered at the trial and/or arbitration of this matter for consideration by the trier of fact.

**12. Challenges to Designation.** If any party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by another party reclassified, the parties in good faith will confer and attempt to reach an agreement. If the parties cannot reach an agreement, the party seeking to reclassify may seek appropriate relief from the Court, with the party seeking to maintain the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation bearing the burden to establish its claim of confidentiality.

**13. Inadvertent Failure to Designate.** The inadvertent failure of a producing party to designate discovery materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" as such (whether in the form of documents, interrogatories, testimony or otherwise) shall not be deemed, by itself, to be a waiver of the party's or non-party's right to so designate such discovery materials. Immediately upon learning of any such inadvertent failure, the producing party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. However, disclosure by a receiving party of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this paragraph shall not violate the terms of this Stipulated Protective Order.

**14. Inadvertent Disclosure.** This Stipulated Protective Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney client privilege, work product privilege or any other privilege or protection provided under the law or exempted from discovery pursuant to FRCP 26. If a party or non-party

8

inadvertently produces information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all materials and documents incorporating or referring to such documents. No party shall assert that a producing party has waived any rights by such inadvertent disclosure in these proceedings as provided in FRE 502(d).

**15.     Return or Destruction of Information.**  Within forty-five (45) days of the final conclusion of this litigation, including any appeal, or upon the settlement and/or dismissal of the litigation, all documents and things or information subject to this Stipulated Protective Order shall be returned to the party which produced them.   In lieu of returning such designated materials as provided above, counsel for the receiving party may certify in writing to counsel for the designating party that the materials have been destroyed.   Counsel for the parties may preserve work product and privileged documents in their permanent files even though such documents may reflect or contain confidential documents or information.   The conclusion of this litigation shall not relieve any person or party from any of the requirements imposed by this Stipulated Protective Order.

**16.     No Waiver Regarding Confidential Nature of Information**.   This Stipulated Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process.   Nothing in this Stipulated Protective Order nor the production of any information or document under the terms of this Stipulated Protective Order, nor any proceedings pursuant to this Stipulated Protective Order shall be deemed (i) to have the effect of an admission or a waiver by either party of the confidentiality or non-confidentiality of any materials, (ii) to alter the confidentiality or the non-confidentiality of any such document or information, (iii) to alter any existing obligation of any party or the absence thereof, or (iv) to affect in any way the authenticity or admissibility of any document, testimony or other evidence at trial.   Entry of this Stipulated Protective Order does not preclude any party from seeking or opposing additional protection for particular information.   In addition, nothing contained in this Stipulated Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using any

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

matter not subject to this Stipulated Protective Order and not designated and marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

17.     **Sanctions.**  Disclosure or use of documents or things or information designated and marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" other than in accordance with the terms of this Stipulated Protective Order may subject the disclosing person to such sanctions and remedies as a Court of proper jurisdiction may deem appropriate.

18.     **Injunctive Relief Available.**  Each party acknowledges that monetary remedies are inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Material and that injunctive relief shall be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Material.  The provisions of this Stipulated Protective Order shall not preclude any party from seeking from the Court, for good cause shown, additional protections or limitations on the use of certain documents or information as permitted by Nevada law.

19.     **Order Survives Termination.**  This Order shall survive the termination of this lawsuit, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

**IT IS SO STIPULATED.**

DATED this 8th day of April, 2022.                DATED this 8th day of April, 2022.

SEMENZA KIRCHER RICKARD                    LAWRENCE C. HILL & ASSOCIATES

*/s/ Katie L. Cannata*                              */s/ Lawrence C. Hill*
Lawrence J. Semenza, III, Esq., Bar No. 7174     Lawrence C. Hill, Esq., Bar No. 11989
Christopher D. Kircher, Esq., Bar No. 11176      Sean P. O'Callaghan, Esq., Bar No. 15447
Jarrod L. Rickard, Esq., Bar No. 10203           2020 W. Sunset Rd.
Katie L. Cannata, Esq., Bar No. 14848            Henderson, Nevada 89014
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145                          *Attorneys for Defendant Kevin Chang Sheng*
*Attorneys for Plaintiff MGM Grand Hotel, LLC*   *Long*
*d/b/a MGM Grand*

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ORDER**

The Court, having reviewed the above, finds good cause to enter the Stipulated Protective Order and Confidentiality Agreement. With good cause appearing:

**IT IS HEREBY ORDERED** that the Stipulated Protective Order and Confidentiality Agreement is GRANTED.

**IT IS SO ORDERED.**

_____
United States Magistrate Judge

Dated: April 11, 2022 _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

## ATTACHMENT A:

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I may receive the documents and/or information designated as "Confidential" or "Highly Confidential" from counsel to a party in this litigation.   I hereby certify my understanding that such information will be provided to me pursuant to the terms and restrictions of the above Stipulated Protective Order that has been entered by the Court; that I have been given a copy of, and have read and understand, such Stipulated Protective Order; that I agree to be bound by the terms thereof; and that I irrevocably submit to the personal jurisdiction of the Court in connection with any proceeding to enforce the Stipulated Protective Order that may involve me.

**ACKNOWLEDGED AND AGREED:**

**Signature:**        _____

**Printed Name:**     _____

**Address:**          _____

**Employer:**         _____

**Job Title:**        _____

**Dated:**            _____