UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MGM GRAND HOTEL,<br><br>    Plaintiff<br><br>v.<br><br>KEVIN CHANG SHENG LONG,<br><br>    Defendant | Case No.: 2:21-cv-01476-APG-NJK<br><br>**Order Granting Motion for Attorney's Fees and Directing Entry of Judgment**<br><br>[ECF No. 48] |

    Plaintiff MGM Grand Hotel, LLC moves for an award of attorney's fees based on defendant Kevin Long's failure to repay two credit instruments.[1]  Long did not respond. Because MGM meets the procedural requirements under federal law and his requested fees are reasonable, I grant MGM's motion and direct MGM to file an updated prejudgment interest calculation.

    In diversity cases, the law of the state in which the district court sits governs whether a party is entitled to attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). Nevada law permits parties to a contract to choose the governing law if "the parties acted in good faith and not to evade the law of the real situs of the contract," the chosen law has a "substantial relation with the transaction," and the agreement is not contrary to Nevada's public policy. *Progressive Gulf Ins. Co. v. Faehnrich*, 327 P.3d 1061, 1064 (Nev. 2014) (en banc) (quotation omitted).

    The credit application that Long signed has a Nevada choice of law provision. ECF No. 22 at 20.  Under Nevada law, a party may recover attorney's fees and costs where a contract authorizes it. *Pardee Homes of Nev. v. Wolfram*, 444 P.3d 423, 427 (Nev. 2019).  By signing the

---

[1] MGM's motion also requested costs, but those have already been taxed. ECF No. 49.

credit application, Long agreed "to pay all costs of collection, including attorney's fees." ECF No. 22 at 20.

In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (en banc) (quotation omitted). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See id.* at 549 & n.98 (quotation omitted); *see also Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1325-26 (D. Nev. 2014). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

The lodestar's reasonableness determinations are guided by the factors listed in *Brunzell v. Golden Gate National Bank*:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d 31, 33 (Nev. 1969); *see also Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) ("In determining the amount of fees to award, the court is not limited to one specific approach; its analysis may begin with any method rationally designed to calculate a reasonable amount, so long as the requested amount is reviewed in light of the" *Brunzell* factors (simplified)).

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes*, 488 F.3d at 1059. Under Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees and nontaxable costs must:

(1) be filed no later than 14 days after the entry of judgment; (2) specify the judgment and the grounds that entitle the movant to an award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose any agreement about fees for the services for which the claim is made if the court so orders. The motion must be accompanied by an affidavit from the attorney responsible for the case's billings to authenticate the information contained in the motion and to confirm that the bill has been reviewed and edited and that the fees and costs charged are reasonable. LR 54-14(b). The Local Rules also permit an award of attorney's fees to include costs and expenses that are not otherwise taxable under Rule 54(d). *See* LR 54-14(a)(2).

Finally, I am guided by the factors set forth in Local Rule 54-14(a)(3). That rule provides that the motion must include a summary of:

(A) The results obtained and the amount involved;
(B) The time and labor required;
(C) The novelty and difficulty of the questions involved;
(D) The skill requisite to perform the legal service properly;
(E) The preclusion of other employment by the attorney due to acceptance of the case;
(F) The customary fee;
(G) Whether the fee is fixed or contingent;
(H) The time limitations imposed by the client or the circumstances;
(I) The experience, reputation, and ability of the attorney(s);
(J) The undesirability of the case, if any;
(K) The nature and length of the professional relationship with the client; [and]
(L) Awards in similar cases.

MGM's motion for attorney's fees meets Rule 54's procedural requirements. MGM filed its motion 14 days after my order granting judgment. ECF Nos. 46; 48. The motion specifies the order granting judgment and states that MGM is entitled to attorney's fees under the credit application and related markers. Long breached the markers by failing to pay. ECF No. 41 at 8.

MGM's motion also meets Local Rule 54-14's procedural requirements. MGM attached copies of the firms' bills, which included a reasonable itemization and description of the work

3

performed. *See* ECF No. 48 at 26-44. MGM also attached a declaration that addressed the factors under LR 54-14(a)(3). *Id.* at 14-16.

MGM's counsel seeks $37,422.50 in attorney's fees. Counsel and paralegals spent a combined 198.2 hours on the case. *Id.* at 16. The firms' bills provide sufficient descriptions of the work performed and the time spent on the case was reasonable. *Id.* at 26-44. MGM's counsel successfully obtained summary judgment against Long in the amount of $8,638,259.64. ECF No. 46. The requested attorney and paralegal rates and overall fees are reasonable. Consequently, I grant MGM's motion for attorney's fees.

I previously ordered that "Judgment be entered" in favor of MGM and against Long. *Id.* However, no separate judgment was entered. Consequently, I order MGM to provide an updated prejudgment interest calculation through December 14, 2022, with a per diem rate of interest thereafter so a proper final judgment can be entered.

I THEREFORE ORDER that plaintiff MGM Grand Hotel, LLC's motion for attorney's fees and costs **(ECF No. 48) is GRANTED.**

I FURTHER ORDER that by December 13, 2022, plaintiff MGM Grand Hotel, LLC shall provide an updated prejudgment interest calculation through December 14, 2022, with a per diem rate of interest thereafter.

DATED this 9th day of December, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4